UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. MCCLELLAN & KELLY A. MCCLELLAN, <br><br> Plaintiffs, <br><br> v. <br><br> NEW PENN FINANCIAL, d/b/a SHELLPOINT MORTGAGE SERVICING, <br><br> Defendant. | CIVIL ACTION 1:16-cv-04492 <br><br> COMPLAINT <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

NOW COME the Plaintiffs, MICHAEL P. MCCLELLAN & KELLY A. MCCLELLAN (collectively referred to as "Plaintiffs") by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, NEW PENN FINANCIAL, d/b/a SHELLPOINT MORTGAGE SERVICING ("Shellpoint") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action seeking redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 and violations of the Illinois Consumer Fraud and Deceptive Practices Act ("ICFA") pursuant to 815 ILCS 505/1 et seq.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law ICFA claim under 28 U.S.C. §1367.

1

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiffs reside in this District and Defendant's conduct harmed Plaintiffs in this District.

## PARTIES

5. Plaintiff Michael P. McClellan is a consumer and natural person over 18 years-of-age who, at all times relevant, owned and resided at the real property located at 208 Emerald Drive, Streamwood, Illinois 60107 ("subject property"). Plaintiff has resided in the subject property since 2005.

6. Plaintiff Michael P. McClellan is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

7. Plaintiff Kelly A. McClellan is a consumer and natural person over 18 years-of-age who, at all times relevant, owned and resided at the subject property. Plaintiff has resided in the subject property since 2005.

8. Plaintiff Kelly A. McClellan is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3).

9. Defendant Shellpoint is a Delaware corporation with its principal place of business located at 4000 Chemical Road, Suite 200, Plymouth Meeting, Pennsylvania 19462. Shellpoint is a foreign company whose primary business is the collection of debts owed to others and servicing loans across the country, including the state of Illinois.

10. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

11. At all times relevant to this complaint, the Defendant was collecting on a consumer debt as defined by 15 U.S.C. §1692a(5).

## BANKRUPTCY CASE

12. On or about September 1, 2005, Plaintiffs obtained a residential mortgage ("subject debt" or "subject loan") secured by the subject property from Bank of America ("BOA").

13. Plaintiffs subsequently defaulted on the subject debt.

14. On December 17, 2015, Plaintiffs filed a joint Chapter 7 petition in the United States Bankruptcy Court, Northern District of Illinois, case number 15-42605, invoking the protections of the automatic stay pursuant to 11 U.S.C. §362. *See* Exhibit A, a true and correct copy of the Notice of Bankruptcy Case Filing.

15. Plaintiffs listed BOA as a secured creditor on their bankruptcy Schedule D. *See* attached Exhibit B, a true and correct copy of Schedule D filed with Plaintiffs' bankruptcy petition.

16. By virtue of Plaintiffs listing BOA as a creditor, the Bankruptcy Noticing Center ("BNC") sent BOA notice of the bankruptcy filing. *See* attached Exhibit C, a true and correct copy of the Certificate of Notice executed by the BNC establishing service of the notice of bankruptcy filing upon BOA.

17. Plaintiff's meeting of creditors was held on January 26, 2016.

18. A representative of BOA did not attend the meeting of creditors.

19. Shellpoint acquired the servicing rights to the subject loan after Plaintiffs were in default on the subject loan and after the bankruptcy filing.

## SHELLPOINT'S POST-PETITION COMMUNICATIONS

20. After the automatic stay had taken effect, Shellpoint sought to collect the subject debt from Plaintiffs personally.

21. On March 22, 2016, Shellpoint sent Plaintiffs a dunning letter demanding payment in the amount of $2,695.12. *See* Exhibit D, a true and correct copy of Shellpoint's dunning letter.

22. The dunning letter stated:

"Our records indicate that your 10/01/2015 payment is due. *** [E]ffective 03/15/2016, please begin sending your mortgage payments to us. *** [T]he principal balance is $365,828.57 and your escrow balance is $0.00." *Id.*

23. The dunning letter includes a detachable payment coupon instructing Plaintiffs to "mail your payment and this coupon" to Shellpoint. *Id.*

24. Shellpoint's post-petition collection efforts occurred with actual knowledge of Plaintiff's bankruptcy filing.

25. Plaintiffs suffered from anxiety and confusion as a result of Shellpoint's collection efforts as they were led to believe that their bankruptcy had no legal effect and that they are still liable for the subject debt.

26. Concerned about the violations of their rights and protections afforded by the bankruptcy automatic stay, Plaintiffs sought the assistance of counsel.

27. Plaintiffs have expended time and incurred attorney's fees as a result of Shellpoint's deceptive collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiffs restate and reallege paragraphs 1 through 27 as though fully set forth herein.

29. Shellpoint qualifies as a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

30. Section 362(a)(6), commonly known as the automatic stay provision, prohibits "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. §362(a)(6).

31. The filing of a bankruptcy petition operates as an automatic stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." *Id.*

32. Shellpoint violated 15 U.S.C. §§1692e(2), e(10), e(11), f and f(1) through its collection efforts on a debt discharged in bankruptcy.

   a.   **Violations of FDCPA §1692e**

33. Shellpoint violated §1692e(2) when it falsely represented the character, amount, or legal status of the subject debt. The subject debt was not collectable at the time Shellpoint demanded payment by virtue of the automatic stay.

34. Shellpoint violated §1692e(10) when it used false representation and/or deceptive means to collect and/or attempt to collect the subject debt. The subject debt was not collectable at the time Shellpoint demanded payment by virtue of the automatic stay.

35. Shellpoint violated §1692e(11) when it failed to disclose in the initial written communication with Plaintiffs that Shellpoint was a debt collector and was attempting to collect a debt and that any information obtained would be used for that purpose.

   b.   **Violations of FDCPA §1692f**

36. Shellpoint violated §1692f when it used unfair and unconscionable means to collect and/or attempt to collect the subject debt. The subject debt was not collectable at the time Shellpoint demanded payment by virtue of the automatic stay.

5

37. Shellpoint violated §1692f(1) when it used unfair and unconscionable means to collect and/or attempt to collect the subject debt. The subject debt was not collectable at the time Shellpoint demanded payment by virtue of the automatic stay; and therefore not permitted by law.

38. Shellpoint attempted to coerce and induce Plaintiffs into paying a debt that was not legally collectable at the time the payment demand was made.

39. As an experienced creditor and debt collector, Shellpoint knew or should have known the ramifications of collecting on a debt that was included in bankruptcy.

40. Shellpoint knew or should have known that the subject debt was uncollectable as a matter of law.

WHEREFORE, Plaintiffs MICHAEL P. MCCLELLAN & KELLY A. MCCLELLAN request that this Honorable Court:

 a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

 b. Award Plaintiffs statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;

 c. Award Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and

 d. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD ACT

41. Plaintiffs restate and reallage paragraphs 1 through 27 as through fully set forth herein.

42. Plaintiff Michael P. McClellan is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

43. Plaintiff Kelly A. McClellan is a "person" and a "consumer" as defined in ICFA, 815 ILCS 505/ (c) and (e) respectively.

### a. Unfairness and Deception

44. Shellpoint is engaged in commerce in the State of Illinois with regard to Plaintiffs, the subject debt, and the subject property. Shellpoint specializes in lending, servicing, and debt collection, which are activities within the stream of commerce and utilized in their regular course of business. *See* 815 ILCS 505/1(f).

45. Shellpoint's demand for payment on the subject debt, which was duly scheduled in Plaintiffs' bankruptcy, represents the use of false pretenses and misleading communication to attempt to collect a debt that was not collectable at the time the demand for payment was made.

46. It was unfair and deceptive for Shellpoint to mislead Plaintiffs into believing the subject debt is still collectable, when it was not collectable as a matter of law.

47. It was unfair and deceptive for Shellpoint to attempt to induce Plaintiffs into making payments on a debt that was included in bankruptcy.

48. Shellpoint intended that Plaintiffs rely on its unfair acts and Plaintiffs did in fact rely on Shellpoint's misrepresentations as they were led to believe their bankruptcy filing had no legal effect.

49. Shellpoint's unfair and deceptive conduct is against public policy, immoral, unethical, and oppressive.

50. Upon information and belief, Shellpoint systematically attempts to collect debts included in bankruptcy in order to maximize its profits at the expense of Illinois consumers.

51. Such unfair and deceptive conduct is harmful to Illinois consumers as it can result in Illinois consumers paying debts that are not collectable.

52. Plaintiffs have suffered damages as a result of Shellpoint's unlawful collection practices.

53. An award of punitive damages is appropriate because Shellpoint's conduct described above was outrageous, willful and wanton, showed a reckless disregard for the rights of Plaintiffs and consumers, generally, and Plaintiffs had no choice but to submit to the payment demand.

WHEREFORE, Plaintiffs MICHAEL P. MCCLELLAN & KELLY A. MCCLELLAN request that this Honorable Court:

    a. Enter judgment in Plaintiffs' favor and against Shellpoint;

    b. Award Plaintiffs their actual damages in an amount to be determined at trial;

    c. Award Plaintiffs their punitive damages in an amount to be determined at trial;

    d. Award Plaintiffs their reasonable attorney's fees and costs pursuant to 815 ILCS 505/10a(c); and

    e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: April 20, 2016            Respectfully Submitted,

/s/ Joseph S. Davidson

Joseph S. Davidson, Esq. ARDC#6301581
*Counsel for Plaintiffs*
Sulaiman Law Group, LTD
900 Jorie Blvd, Ste 150
Oak Brook, IL 60523
Phone (630)575-8181
Fax: (630)575-8188